IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MANDY LOUISE MANUEL                                                PLAINTIFF

V.                              No. 3:21-CV-00228-ERE

KILOLO KIJAKAZI, Acting
Commissioner of Social Security                           DEFENDANT

ORDER[1]

Plaintiff Mandy Manuel appeals the final decision of the Commissioner of the

Social Security Administration denying her Title II application for disability

benefits. For reasons set out below, the Commissioner's decision is AFFIRMED.

I.      BACKGROUND

On February 15, 2018, Ms. Manuel protectively filed an application for

benefits due to bilateral shoulder problems, carpal tunnel syndrome, bilateral bursitis

of the hips, edema in the knees and ankles, fibromyalgia, osteoarthritis, degenerative

disc disease of the lumbar spine, overactive bladder, restless leg syndrome, obesity,

and bilateral hearing loss. *Tr. 10, 89, 152*.

Ms. Manuel's claim was denied initially and upon reconsideration. At Ms.

Manuel's request, an Administrative Law Judge ("ALJ") held a hearing on July 15,

2019, where Ms. Manuel appeared with her lawyer, and the ALJ heard testimony

---

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge.

from Ms. Manuel and a vocational expert ("VE"). *Tr. 33-55*. The ALJ issued a decision on August 19, 2019, finding that Ms. Manuel was not disabled. *Tr. 10-21*. The Appeals Council denied Ms. Manuel's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-6*.

Following that final decision, Ms. Manuel initiated a case in federal court on January 30, 2020. *Manuel v. Social Security Administration*, No. 3:20-CV-00034-PSH (E.D. Ark.). On October 22, 2020, the court remanded the case with directions for the Commissioner to clear up a conflict between the VE's testimony and the *Dictionary of Occupational Titles ("DOT")*. *Id. at Doc. 14*.

Upon remand, an ALJ held a second hearing on June 17, 2021. Again, Ms. Manuel appeared with her lawyer, and the ALJ heard testimony from Ms. Manuel and a VE. *Tr. 1340-1378*. The ALJ issued a decision on July 29, 2021, finding that Ms. Manuel was not disabled. *Tr. 1292-1304*. The Appeals Council denied Ms. Manuel's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1284-88*.

Ms. Manuel, who was forty-three years old at the time of the second hearing, graduated high school and has past relevant work experience as an institutional cleaner. *Tr. 1347-49, 1369*.

## II.    THE ALJ's DECISION[2]

The ALJ found that Ms. Manuel had not engaged in substantial gainful activity since April 4, 2017, the alleged onset date. *Tr. 1294*. The ALJ concluded that Ms. Manuel had the following severe impairments: degenerative disc disease of the cervical and lumbar spine; degenerative joint disease of the shoulders; fibromyalgia; headaches; carpal tunnel syndrome, status post-right-release surgery; obesity; anxiety; and depression. *Tr. 1295*. However, the ALJ found that Ms. Manuel did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

According to the ALJ, Ms. Manuel had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) only occasional overhead reaching bilaterally; (2) frequent handling with both hands; (3) no climbing ladders, ropes, or scaffolds; (4) no exposure to excessive vibration; (5) only simple, work-related decisions on simple tasks; (6) work setting changes that are simple, predictable, and easily explained; and (7) only occasional contact with supervisors, coworkers, and the general public. *Tr. 1298*.

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g).

3

In response to hypothetical questions incorporating the above limitations, the VE testified that potential jobs available were price marker and screwdriver operator. *Tr. 1303, 1371, 1373.* Accordingly, the ALJ determined that Ms. Manuel could perform a significant number of jobs existing in the national economy, and found she was not disabled.

## III.   DISCUSSION

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B.      Ms. Manuel's Arguments for Reversal**

Ms. Manuel contends that the Commissioner's decision is not supported by substantial evidence because the ALJ erred by: (1) discounting her treating nurse's functional assessment; and (2) not incorporating a more restrictive handling limitation in the RFC. After careful review of the record and the parties' briefs, the Court affirms the Commissioner's decision for the following reasons.

**1.      Discounting Nurse Amber Fore's Functional Assessment**

Ms. Manuel recites her impairments and then claims that the ALJ erred when finding that she could perform light work. *Doc. 12*. Specifically, Ms. Manuel contends that the reasons given for discounting her treating nurse's opinions are not supported by the record. *Id. at 51-60*.

In a March 16, 2018 medical source statement regarding Mr. Manuel's physical abilities, nurse Amber Fore, Ms. Manuel's primary care provider, reported that Ms. Manuel was limited to lifting ten pounds; could stand, walk, or sit only two hours in an eighth-hour workday; and was unable to do any reaching, fingering, or handling. *Tr. 990*. In the section of the statement reserved for objective medical findings, Nurse Fore listed decreased range of motion because of chronic neck and back pain and decreased fine and gross motor skills because of carpal tunnel. *Tr. 991*.

The ALJ found that the "severely reduced range of work" proposed by Nurse Fore was "inconsistent with contemporaneous treatment notes." *Tr. 1301.* He noted that, at the time, Ms. Manuel's back pain had "only existed for one and one-half weeks," and clinical findings were normal at a visit on March 15, 2018, a day before Nurse Fore filled out the medical source statement. *Tr. 923, 927, 1301.* Ms. Manuel points out that she had been receiving treatment for back pain much longer than the 1.5 weeks before the March 16 visit. Although this is true, the ALJ provided additional reasons for discounting Nurse Fore's assessment of Ms. Manuel's physical limitations. Ms. Manuel claimed that she was "unable to ambulate due to worsening pain" but left the clinic ambulatory and alone. *Tr. 924, 927.* A note from May 2020 indicates that Ms. Manuel ambulates independently. *Tr. 2196.* The ALJ also noted that Ms. Manuel typically had normal gait and a history of "solely conservative treatment." *Tr. 1301.* Substantial evidence in the medical records repeatedly note "no difficulty with gait or walking," normal gait, and ambulating normally. *Tr. 805, 905, 906, 923, 930, 934, 939, 942, 1793, 2196, 2197, 2205, 2206, 2264, 2306, 2310.*

Additionally, as the ALJ noted, Nurse Fore's findings were inconsistent with Ms. Manuel's own statements regarding her activities of daily living. *Tr. 1300, 1363, 2066.* In fact, Nurse Fore recommended that Ms. Manuel increase her activity. *Tr. 935, 939, 2324.* An ALJ may properly discount limitations in a medical source

statement that "'stand alone,' did not exist in the physician's treating notes, and were not corroborated through objective medical testing." *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). Additionally, "[a] lack of functional restrictions on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

The ALJ also pointed out that Nurse Fore's medical source statement was in check-box form. The Eighth Circuit has held that medical assessments that "consist of nothing more than vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the-blank responses, [and] cite no medical evidence and provide little to no elaboration . . . possess 'little evidentiary value.'" *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (citing *Toland v. Colvin*, 761 F.3d 931, 937 (8th Cir. 2014)). On "that basis alone" the ALJ committed no error by giving the "assessment little weight and relying more heavily on other opinions in the record." *Thomas*, 881 F.3d at 675. The ALJ properly addressed the medical provider's conclusions and explained his reasons for discounting them.

## 2. Frequent Handling Limitation

Ms. Manuel contends that the ALJ erred in finding that she can perform frequent handling.

A claimant bears the burden of proving her RFC, which represents the most she can do despite the combined effects of her credible limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Id*. Part of the RFC determination requires assessing a claimant's credibility regarding her subjective complaints.

The Court normally should defer to an ALJ's credibility determination. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id*. When evaluating the credibility of a claimant's subjective complaints, an ALJ must consider the *Polaski* factors, which include "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010) (quotation omitted) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)). Also relevant is the absence of objective medical evidence supporting the claimant's subjective complaints, although the ALJ cannot discount a claimant's credibility based on this consideration alone. *Id*. at 932.

The ALJ acknowledged Ms. Manuel's carpal tunnel diagnosis from May 2018. *Tr. 1299*. However, he noted that Ms. Manuel had full grip strength in both hands. *Tr. 904-905*. Additionally, following carpal tunnel surgery in October 2019, Mr. Manuel was "doing well and [was] without complaints." *Tr. 1299, 1799*. She displayed "appropriate range of motion of her hand" and the "numbness and tingling" were gone. *Tr. 1800*. The medical records also indicate normal fine motor movements of the hands, normal strength, no weak limbs, and normal movement of all extremities. *Tr. 904, 938, 2197, 2261, 2264, 2270, 2323, 2335, 2342*.

The objective evidence supports the absence of a more restrictive limitation regarding handling. Based on the evidence as a whole, the ALJ's findings were supported by the record and there is no reason to depart from the deference normally given to the ALJ's credibility determination.

## IV.  CONCLUSION

The ALJ applied proper legal standards in evaluating Ms. Manuel's claims, and substantial evidence supports the decision to deny benefits.

Accordingly, Ms. Manuel's appeal is DENIED and judgment will be entered for the Commissioner. The Clerk of Court is directed to close the case.

IT IS SO ORDERED this 30th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE